UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-13-MWF (SKx) | **Date:** March 26, 2024 |
| **Title:** Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                               Court Reporter:
Rita Sanchez                                Amy Diaz

Attorneys Present for Plaintiff:         Attorneys Present for Defendants:
None Present                                None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12] AND DENYING AS MOOT DEFENDANTS' MOTION TO TRANSFER [21]

Before the Court is Plaintiff Terracotta Credit Reit, LLC's Motion to Remand, filed on February 1, 2024. (Docket No. 12). Defendants LMC Family Building 7 Trust, LLC, PR Retail Investors, LLC, and Point Ruston Building 7 Investors, LLC filed an Opposition on February 20, 2024. (Docket No. 14). Plaintiff filed a Reply on February 26, 2024. (Docket No. 16).

The Motion was noticed to be heard on **April 1, 2024**. The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the Motion is **GRANTED**. This action is controlled by a valid forum selection clause, which designates Los Angeles County Superior Court as the proper venue. Defendants also fail to meet their burden to show that the forum selection clause is invalid or that enforcement would be unreasonable.

## I.    BACKGROUND

On November 6, 2023, Plaintiff commenced this action in Los Angeles County Superior Court alleging claims of misrepresentation, breach of contract, and declaratory relief. (Complaint (Docket No. 3-4)). Defendants removed this action on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-13-MWF (SKx)                                    Date:  March 26, 2024
Title:      Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al.

January 2, 2024, based on this Court's diversity jurisdiction.  (Notice of Removal (Docket No. 3) ¶ 2).

Plaintiff's claims arise from six loans that Plaintiff made with respect to real estate properties in Tacoma, Washington.  (*Id.* ¶¶ 11–17).  Although Defendants are not the borrowers on the loans, they had certain obligations under ancillary written agreements related to the loans, including six Commercial Guaranty Agreements and three Hazardous Substances Certificate and Indemnity ("HSCI") Agreements (collectively "the Loan Documents").  (*Id.* ¶¶ 12, 16; Motion at 2).

Each of the Loan Documents attached to the Complaint include a forum-selection clause.  For example, the Commercial Guaranty Agreements include the following provision: "If there is a lawsuit, Guarantors agree upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California."  (Complaint, Exs. D at 3, F at 3, H at 3, K at 3, M at 4, O at 4).  The HSCI Agreements also provide that "if there is a lawsuit, Indemnitor agrees upon Lender's request to submit to the jurisdiction of the courts of Los Angeles County, State of California or Pierce County, State of California."  (*Id.*, Exs. E at 4, G at 4, I at 4).  The parties agree that the reference to "Pierce County, State of California" represents a scrivener's error since Pierce County is located in Washington State.  (Motion at 3 n.3; Opp. at 9 n.1).  Relying on these provisions, Plaintiff now seeks an order remanding this action back to Los Angeles Superior Court.  (Motion at 1).

After briefing for this Motion was completed, Defendants filed a Motion to Transfer on March 6, 2024.  (Docket No. 21).  The Court stayed briefing on the Motion to Transfer pending its ruling on this Motion.  (Docket No. 26).

## II.    LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-13-MWF (SKx) | Date: March 26, 2024 |
| Title: Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

A valid forum selection clause may designate a particular state court as a forum for disputes. *See Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984) (approving application of the Supreme Court's forum selection clause jurisprudence "to the domestic context"). A forum selection clause may thus be a basis for seeking remand under § 1447(c). *See id.* "Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court," a forum selection clause "should be respected as the expressed intent of the parties." *Id.* at 280 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–19 (1972)).

### III. DISCUSSION

Plaintiff contends that remand is proper because the forum selection clauses provide that either Los Angeles County or Pierce County is the proper venue for disputes arising out of the Loan Agreements.

A forum selection clause will be enforced only where "venue is specified with mandatory language." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). Federal courts apply federal law in interpreting a forum selection clause, considering the plain language of the contract first with the understanding that the "common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-13-MWF (SKx) | Date: **March 26, 2024** |
| Title: Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

attached to it." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (citation omitted).

In interpreting the forum selection clauses at issue, *Simonoff* is instructive. There, the Ninth Circuit distinguished between clauses that provide for exclusive jurisdiction "of" a state and those that refer to "courts in" a state. 643 F.3d at 1205–06. "[T]he phrase 'the courts of' a state refers to courts that derive their power from the state —i.e., only state courts." *Id.* at 1205; *see also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009) (per curiam) (holding that the phrase "courts 'of' Virginia refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia"). By contrast, the "a forum selection clause referring to 'courts in' a state imposes a geographic limitation, not one of sovereignty," thereby including "***any*** court within the physical boundaries of the state," including both state and federal courts. *Simonoff*, 643 F.3d at 1205–06.

Here, the plain meaning of the forum selection clauses provide that Defendants must submit, upon Plaintiff's request, "to the jurisdiction of the ***courts of***" Los Angeles County under the Commercial Guaranty Agreements and "the ***courts of***" Los Angeles County or Pierce County under the HSCI Agreements. As Plaintiff correctly notes, the use of the phrase "courts of" is determinative as it refers exclusively to the state courts in their respective counties. The Court also interprets Plaintiff's filing this action in Los Angeles County Superior Court and this Motion as requests to submit to the jurisdiction of Los Angeles County. Accordingly, the text of the forum selection clauses makes clear that the proper venue is Los Angeles County Superior Court.

Defendants challenge the forum selection clauses on several grounds, none of which the Court finds persuasive:

***First***, Defendants contend that "Plaintiff failed to meet his burden of showing that Los Angeles County is the mandatory and exclusive venue for this action." (Opp. at 10). But it is Defendants – not Plaintiff – who bear the burden of showing that removal was proper and that the forum selection clause does not apply. *See Abrego Abrego*, 443 F.3d at 684; *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 (2013) (holding that the party seeking to avoid the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-13-MWF (SKx) | Date:  March 26, 2024 |
| Title:       Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

forum selection clause "must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed").

*Second*, Defendants appears to dispute the meaning of the forum selection clauses, arguing that the provisions require Plaintiff to "***extend an election*** to the Borrower to submit to jurisdiction in either Los Angeles County or Pierce County." (*Id.* at 9 (emphasis in original)).  In so arguing, Defendants seem to suggest that the forum selection clauses give ***Defendants*** – not Plaintiff – the option to choose between Los Angeles County or Pierce County.

However, the clear language of the forum selection clauses does not support Defendants' interpretation.  The Commercial Guaranty Agreements provides that "Guarantors [*i.e.*, Defendants] agree upon Lender's [*i.e.*, Plaintiff's] request to submit to the jurisdiction of the courts of Los Angeles County, State of California." (Complaint, Exs. D at 3, F at 3, H at 3, K at 3, M at 4, O at 4).  Similarly, the HSCI Agreements provide that "Indemnitor [*i.e.*, Defendants] agrees upon Lender's [*i.e.*, Plaintiff's] request to submit to the jurisdiction of the courts of Los Angeles County, State of California or Pierce County, State of [Washington]."  (*Id.*, Exs. E at 4, G at 4, I at 4).  These provisions clearly provide that Plaintiff – not Defendants – have the right to enforce the forum selection clauses.  Perhaps recognizing that the forum selection clauses required Defendants to waive federal court jurisdiction, Plaintiff required Defendants' signatories to initial this specific provision in each Loan Agreement.

*Third*, Defendants contend that Plaintiff waived its right to enforce the forum selection clauses by bringing five other cases regarding the Loan Documents in Pierce County prior to initiating this action.  (Opp. at 11).  This conduct is inconsistent because, according to Defendants, the Loan Documents contemplate one lawsuit in either Los Angeles County or Pierce County.  (*Id.* at 10).  In so arguing, Defendants argue that both Washington and California have "one action" rules that prohibit a lender from enforcing guarantees for a deficiency judgment and foreclosing on a deed of trust in separate actions.  (*Id.* at 12 (citing Cal. Code of Civ. Proc. §726(a); Wash. Rev. Code § 61.24.030(4))).

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | **5** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-13-MWF (SKx) | **Date:** March 26, 2024 |
| **Title:** Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

"While it is true that a forum selection clause is waived where the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and enforcement would prejudice other parties," such conduct is not present here. *S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 984 (E.D. Cal. Mar. 23, 2018). Plaintiff acted consistently with the forum selection provisions by initiating this action in Los Angeles County and filing a timely motion to remand after removal. Although Plaintiff initiated other lawsuits in Pierce County to appoint a General Receiver over the borrowers' assets, this is entirely consistent with the forum selection clauses in the HSCI Agreements. (*See* Complaint, Exs. E at 4, G at 4, I at 4 (designating state court in Los Angeles County *or* Pierce County as the proper venue)). The Loan Agreements also expressly contemplate separate lawsuits against the borrowers and Defendants. (*See, e.g.*, Complaint, Ex. D at 3 ("Except as prohibited by applicable law, Guarantor waives any right to require Lender to . . . proceed against any person, including Borrower, before proceeding against any Guarantor" and "any rights and defenses based upon Section . . . 726 of the Code of Civil Procedure.")).

*Fourth*, Defendants suggest that, instead of remanding this action, the Court should transfer the case to the Western District of Washington or dismiss this action and order Plaintiff to initiate this action in Pierce County. (Opp. at 13). The Court is not persuaded by either of these options.

As an initial matter, there is no pending motion to dismiss for the Court's consideration. With respect to the pending Motion to Transfer, the Court has discretion to consider whether transfer is appropriate before determining its jurisdiction. *See Core Litig. Tr. by & through Kravitz v. Apollo Glob. Mgmt., LLC*, No. CV 17-00927-JFW(AGRx), 2017 WL 3045919, at *3 (C.D. Cal. Apr. 5, 2017) ("A federal court has leeway to choose among threshold grounds for denying audience to a case on the merits and, thus, can decide a transfer motion before deciding jurisdiction." (internal quotation marks omitted)). But the Court declines to do so here since the prevailing "practice within the Ninth Circuit [is] for courts to rule on remand motions before deciding motions to transfer." *Burse v. Purdue Pharma Co.*, Nos. C–04–594 SC, C–04–713 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004); *see also Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, 2015 WL 3631833, at *4 (C.D. Cal. June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-13-MWF (SKx) | **Date:**  March 26, 2024 |
| **Title:** | Terracotta Credit Reit, LLC v. PR Retail Investors, LLC, et al. | |

10, 2015) (noting that "[o]nly in rare circumstances should transfer motions be considered before remand motions," such as in multi-district litigation).  Further, transferring this case to the Western District of Washington would run contrary to the parties' expressed intent to litigate this action in Los Angeles County Superior Court as provided in the forum selection clauses.

Accordingly, the Motion is **GRANTED**.  The Motion to Transfer is therefore **DENIED** *as moot*.

IT IS SO ORDERED.